# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0611, <u>11 New Zealand Road, LLC v. Town of Seabrook</u>, the court on June 24, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, 11 New Zealand Road, LLC, appeals the order of the Superior Court (<u>Delker</u>, J.) affirming the decision of the Town of Seabrook Planning Board (board) to approve the site plan of the intervenor, Tropic Star Development, LLC, for a gas station and convenience store.  The petitioner argues that:  (1) the evidence was insufficient to show that the proposed development would not adversely impact its adjacent property; (2) approval of a more intensive use of a non-conforming lot is contrary to the town's goal of reducing non-conforming uses; and (3) the record is insufficient to show that the intervenor correctly estimated the projected traffic flow.

Superior court review of planning board decisions is limited.  <u>Ltd. Editions Properties v. Town of Hebron</u>, 162 N.H. 488, 491 (2011).  The superior court must treat the factual findings of the planning board as <u>prima</u> <u>facie</u> lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law.  <u>Id</u>.  The appealing party bears the burden of persuading the superior court that, by the balance of probabilities, the board's decision was unreasonable.  <u>Id</u>.  The review by the superior court is not to determine whether it agrees with the planning board's findings, but to determine whether there is evidence upon which they could have been reasonably based.  <u>Id</u>.  Our review of the superior court's decision is equally deferential.  <u>Id</u>.  We will uphold the decision on appeal unless it is unsupported by the evidence or legally erroneous.  <u>Id</u>.

The petitioner raises several arguments challenging the sufficiency of the evidence to show that the proposed development would not adversely impact its adjacent property.  The record shows that the petitioner's easement over the intervenor's property provides the only access to its property.  Previously, the superior court remanded the board's approval of the intervenor's site plan, after concluding that the board had failed "to assess the impact of the internal traffic flow of the [intervenor's lot] as it affected the [petitioner's lot] with its own traffic flow issues, considering it is zoned for restaurant use."  The record shows that upon remand, the intervenor made numerous plan revisions

designed to address the petitioner's concerns, including modifications recommended by the town's independent engineer. The intervenor's transportation engineer, after considering access to both lots, the circulation of traffic in the proposed development, the expected number of vehicles accessing both lots, and other relevant factors, concluded that the development would not adversely impact the petitioner's property. The town's engineer agreed. The petitioner argues that the board should have required the intervenor to submit a New Hampshire Department of Transportation (DOT) traffic impact and access study to analyze the impact of the proposed development on its adjacent property. As the superior court noted, its remand order did not require a DOT traffic impact and access study or any other specific type of study; it required only that the board assess the impact of the proposed development on the petitioner's property. In addition, the record shows that neither the DOT nor the town's engineer believed that a full DOT traffic impact and access study was necessary. We conclude that the record supports the superior court's decision that a DOT traffic impact and access study was not required. See id.

The petitioner argues that the intervenor's June 18, 2014 "traffic operations analysis" lacked the information necessary to evaluate traffic circulation and driveway usage. However, as the superior court noted, the traffic operations analysis constituted only part of the evidence relevant to traffic circulation and driveway usage. The record also includes an April 11, 2014 report from the intervenor's transportation engineer and additional information provided by the engineer at the August 5, 2014 and September 16, 2014 public hearings. Although the petitioner's engineer disagreed with the conclusions of the intervenor's engineer, the superior court's role is not to determine whether it agrees with the board's findings, but to determine whether there is evidence upon which the findings could have been reasonably based. Ltd. Editions Properties, 162 N.H. at 491. We conclude that the record supports the superior court's decision that the board had sufficient evidence upon which to reasonably base its decision to approve the intervenor's site plan. See id.

The petitioner next argues that the superior court erred in affirming the board's decision to approve a more intensive use of a non-conforming lot. The petitioner does not argue that the intervenor's development plan constitutes an impermissible expansion of a non-conforming use; rather, it asserts that eliminating nonconformities is a "legitimate municipal goal" reflected in the town's site plan review regulations, and that the board's observation that large truck access under the proposed development will be no less adequate than under the previous configuration is inconsistent with that goal.

As the court noted in its order, the proposed development includes features designed to improve truck access, including wider driveways and a design that improves truck maneuverability, so that the more intensive use of

2

the lot will not result in impaired access.  We agree with the superior court that it was reasonable for the board to compare truck access under the proposed configuration with access under the prior configuration.  See id.

Finally, the petitioner argues that the intervenor erred in estimating projected traffic flow by using Institute of Transportation Engineers Land Use Code (ITE Code) 945, which applies to a gasoline service station with a convenience market.  The petitioner's engineer opined that ITE Code 853, which applies to a convenience market with gasoline pumps, was the correct code for this development.  The petitioner argues that the board's approval should be conditioned upon written confirmation from DOT that ITE Code 945 is the correct code.  The record shows that DOT advised the intervenor's engineer that ITE Code 945 was correct.  Both the intervenor's engineer and the town's engineer believed ITE Code 945 to be correct.  Based upon this record, we conclude that there was sufficient evidence for the board to conclude that ITE Code 945 was correct.  Moreover, we agree with the superior court that there is evidence in the record to support a finding that the difference between the estimated traffic flows would have an insignificant impact on the petitioner's property.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

3